IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KLEIN TOOLS, INC. <br> (a Delaware corporation), <br><br> Plaintiff, <br><br> v. <br><br> JONARD INDUSTRIES CORPORATION, <br> (a New York corporation), <br><br> Defendant. | Civil Action No. 1:15-cv-843 |

## COMPLAINT

Plaintiff, Klein Tools, Inc. ("Klein"), by its attorneys, complains against Defendant Jonard Industries Corporation ("Jonard"), as follows:

## THE PARTIES

1. Klein is a Delaware corporation with a principal place of business at 450 Bond Street, Lincolnshire, Illinois 60069.

2. Defendant Jonard is a New York corporation having a principal place of business at 134 Marbledale Road, Tuckahoe, New York 10707.

## NATURE OF THE ACTION

3. This is an action for (1) false designation of origin and false description or representation in violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510 *et seq.*; and (3) unfair competition in violation of the common law of Illinois.

## JURISDICTION AND VENUE

4. On information and belief, Jonard is doing business in this district and thus is subject to personal jurisdiction here. More specifically, on information and belief, Jonard sells the products at issue in this case to distributors who re-sell the products to customers located in this district. Additionally, on information and belief, at least one distributor of Jonard has its principal place of business in this district and regularly does business here.

5. This Court has jurisdiction over this Complaint based on 15 U.S.C. § 1121 (action arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1332 (diversity since the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs), and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as it is believed that Jonard has sold and distributed the products at issue to distributors who sell Jonard's products in several states throughout the U.S., including sales to customers in this district. On information and belief, at least one distributor of Jonard resides in this district. Venue is also proper in this district because Klein is located in this district, Klein sells its products within this district, and the injury and damage to Klein have occurred and continue to occur in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

**A. Klein's Long History and Popularity Among Tradespersons**

7. Klein is a longstanding family-owned and family-operated business that has been manufacturing hand tools since 1857.

8. Klein has a global reputation as a leading producer of well-made, professional-quality tools, and the company is dedicated to supplying only the finest quality products.

9. To that end, Klein is dedicated to American manufacturing. Klein and its commonly-owned affiliates make over 3000 products, have seven (7) U.S. manufacturing plants,

and manufacture the majority of their products in the U.S. Klein has never closed a manufacturing facility in the U.S. to send jobs overseas.

10. As a result of Klein's dedication to making only the highest quality tools with unmatched durability and comfort, Klein's tools are the number-one choice among professional tradespersons.

11. Klein's product line includes virtually every major type of hand tool used in the electrical and telecommunications fields, as well as in construction, electronics, mining, and general industry.

12. Specifically in regard to the instant lawsuit, Klein's products include a line of pliers, which are commonly used by electricians and lineworkers who work in the electrical and telecommunication industries. Such pliers are used for gripping, pressing, stripping, bending, crushing and cutting wires, and cutting bolts and nails.

13. Klein's pliers are sold nationwide through a well-established network of distributors, as well as through online stores.

**B.     Jonard's Pliers**

14. On information and belief, Jonard, like Klein, also sells a line of pliers for use by electricians and lineworkers who work in the electrical and telecommunications industries. Jonard's pliers, like Klein's pliers, are used for gripping, pressing, stripping, bending, crushing and cutting wires, and cutting bolts and nails.

15. Jonard's pliers, like Klein's pliers, are sold nationwide through a well-established network of distributors, as well as through online stores.

16. Jonard and Klein directly compete in the field of pliers for use by electricians and lineworkers in the electrical and telecommunication industries.

17.     Jonard's product line of pliers, like Klein's, includes pliers having varying sizes, shapes, and uses.  Photos of just a few of Jonard's pliers appear below:



| Telecom Diagonal Cutter Plier Part No. JIC-7858 | Lineman's B Side Cut Plier Part No. JIC-683 | Telecom Long Nose Plier Part No. JIC-21257 |

18.     On information and belief, the heads of some of Jonard's pliers are stamped with the name "JONARD," the part number, and the domain name for Jonard's website, namely, www.jonard.com, on one side.  For example, a close-up photo of the head of a Part No. JIC-7858 pliers (taken by Plaintiff's counsel) appears below:

4



19. On information and belief, some of the pliers offered by Jonard may have heads that are stamped differently. For example, Jonard's website (www.jonard.com) features a photo that purports to show a Part No. JIC-7858 pliers—the same part number as the pliers shown in Paragraph 18 above—however, the photo on the website shows a head that is stamped with the name "JONARD," the part number, and "TUCKAHOE NY", as shown below:



20.     On information and belief, the backsides of the cardboard insert cards used as part of the packaging for many, if not all, of Jonard's pliers display Jonard's company name and U.S. address in prominent, boldface type. For example, a photo of the backside of the Part No. JIC-7858 insert card appears below:



21.     On information and belief, bill of lading/import records relating to Jonard indicate that at least a material number of the pliers sold by Jonard are made in China and imported by Jonard into the U.S.

22. On information and belief, Jonard's pliers and their packaging do not bear any foreign country of origin markings or any indication that the pliers are imported from a foreign country, even though at least some of them are.

23. On information and belief, the sections of Jonard's website at www.jonard.com that display and promote Jonard's pliers do not contain any indication that the pliers are imported from a foreign country, even though at least some of them are.

24. The Tariff Act, 19 U.S.C. § 1304, provides that every article of foreign origin (or its container) that is imported into the United States shall be marked to indicate the article's country of origin.

25. Similarly, U.S. Customs and Border Protection regulations require that every article of foreign origin (or its container) imported into the U.S. be marked to indicate its country of origin to the ultimate purchaser. 19 C.F.R. §§ 134.11 and 134.41.

26. Furthermore, U.S. Customs regulations expressly require special marking for, among other goods, pliers that are not from a NAFTA country, namely, that the country of origin of such tools be "marked legibly and conspicuously by die stamping, cast-in-the-mold lettering, etching (acid or electrolytic), engraving, or by means of metal plates which bear the prescribed marking and which are securely attached to the article in a conspicuous place by welding, screws, or rivets…." 19 C.F.R. § 134.43.

27. The Federal Trade Commission requires that companies comply with U.S. Customs' marking requirements. See U.S. Federal Trade Commission, "Complying with the Made in USA Standard."

**COUNT I**
**Violation of the Lanham Act, 15 U.S.C. § 1125(a)**

28. Klein repeats and realleges as if fully set forth herein the allegations of all of the previous paragraphs of this Complaint.

29. Logic dictates that customers encountering pliers from Jonard with no marking as to country of origin will assume they are made in the U.S.

30. Jonard's failure to mark the true country of origin on those pliers Jonard sells that come from China creates the false impression that such pliers are made in the U.S.

31. To the extent that cardboard insert cards prominently displaying Jonard's name and New York address are used for Jonard's pliers from China, such insert cards will create the false impression that the pliers are made in New York (or elsewhere in the U.S.), since such cards show a New York address but no reference to China.

32. To the extent that Jonard is selling pliers that are stamped "JONARD" and "TUCKAHOE, NY," as indicated by photos on Jonard's website, and such pliers are from China, such stampings will create the false impression that the pliers are made in New York (or elsewhere in the U.S.), since such stampings reference a New York city, but not China.

33. Even if Jonard is not selling pliers that are stamped "JONARD" and "TUCKAHOE, NY", Jonard's use of photos on its website showing such stampings will create the impression that Jonard's pliers are made in New York (or elsewhere in the U.S.) since such stampings reference a New York city, but not China.

34. On information and belief, Jonard's acts and omissions as hereinabove pleaded have actually deceived and/or have the tendency to deceive a substantial segment of consumers of pliers.

35. On information and belief, Jonard's deceptive acts relating to its pliers that are imported from China is material, in that they are likely to influence purchasing decisions relative to pliers.

36. Jonard's acts and omissions affect interstate commerce, since, on information and belief, Jonard's pliers are sold to customers in many parts of the U.S.

37. Jonard's acts and omissions as hereinabove pleaded constitute false designation of origin, and false description or representation, in violation of the Lanham Act, 15 U.S.C. § 1125(a), by, for the pliers that Jonard imported from China: (a) failing to make required designations of geographic origin on or in connection with such pliers; (b) affirmatively making deceptive representations with respect to the geographic origin of such pliers through use of packaging and product photos on its website marked with only a U.S. address; and (c) causing a likelihood of confusion or of misunderstanding among consumers and the trade as to the geographic source of its pliers.

38. On information and belief, for its pliers that are imported from China, Jonard has willfully engaged in the trade practices of failing to mark the origin of its pliers, and using packaging and photos that falsely suggest such pliers are made in the U.S., knowing them to be deceptive.

39. To the extent Jonard has omitted the true country of origin and used its New York address in the sale, packaging, and promotion of pliers, such acts have detrimentally affected and damaged Jonard's competitors, including Klein, in that such acts give Jonard's pliers an aura of quality that consumers attribute to domestic as opposed to foreign goods.

40. Jonard's acts and omissions as hereinabove pleaded have damaged Klein, and are likely to continue damaging Klein, either by direct diversion of sales from Klein to Jonard, or by a lessening of the goodwill associated with Klein's products relative to Jonard's products.

41. Klein has no adequate remedy at law. Unless Jonard is required to properly mark its imported pliers with their country of origin, Klein will continue to suffer irreparable harm.

## COUNT II
### Deceptive Trade Practices in Violation of Illinois Law, 815 ILCS 510 *et. seq.*

42. Klein repeats and realleges as if fully set forth herein the allegations of all of the previous paragraphs of this Complaint.

43. By virtue of Jonard's acts hereinabove pleaded, Jonard has violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2, by, in the course of selling those pliers that Jonard imports from China: (a) failing to make required designations of geographic origin on or in connection with such pliers; (b) affirmatively making deceptive representations with respect to the geographic origin of such pliers through use of packaging and product photos on its website marked with only a U.S. address; and (c) causing a likelihood of confusion or of misunderstanding among consumers and the trade as to the geographic source of its pliers.

44. On information and belief, for its pliers that are imported from China, Jonard has willfully engaged in the trade practices of failing to mark the origin of its pliers, and using packaging and photos that falsely suggest such pliers are made in the U.S., knowing them to be deceptive.

45. Jonard's deceptive trade practices have caused, and, if not restrained by this Court, will continue to cause, Klein irreparable injury for which Klein has no adequate remedy at law.

## COUNT III
## Unfair Competition in Violation of Illinois Common Law

46. Klein repeats and realleges as if fully set forth herein the allegations of all of the previous paragraphs of this Complaint.

47. For its pliers that are imported from China, Jonard's (a) failure to mark the country of origin on the pliers; and (b) use of a New York address on packaging and in product photos; are likely to cause confusion or misunderstanding among consumers and the trade with respect to the geographic origin and quality of such pliers, detrimentally and unfairly affecting both consumers and competition in the industry.

48. Jonard's acts and omissions as hereinabove pleaded constitute unfair competition in violation of the common law of Illinois.

49. On information and belief, Jonard has willfully engaged in acts of unfair competition.

50. Jonard's acts have caused, and if not restrained by this Court, will continue to cause, Klein irreparable injury for which Klein has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Klein prays for a judgment against Jonard as follows:

A. A judgment that Jonard has violated the Lanham Act, the Illinois Deceptive Trade Practices Act, and the common law of unfair competition in Illinois.

B. For a preliminary and permanent injunction immediately restraining Jonard, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with it, who receive actual notice of this Order, from:

(1) manufacturing, having manufactured, importing, selling, or distributing pliers and any other tools that are made or substantially made outside the U.S. that do not

bear all required country of origin markings in accordance with U.S. laws and regulations;

  (2) advertising, displaying, marketing, or promoting pliers and any other tools that are made or substantially made outside the U.S. that do not bear all required country of origin markings in accordance with U.S. laws and regulations; and

  (3) holding out in any manner whatsoever, whether by affirmative act or omission, that Jonard's pliers and any other tools which are made or substantially made outside the U.S. are actually made within the U.S.

 C. That Jonard be required to inform, in writing, all of the distributors that have purchased Chinese-imported pliers from Jonard about Jonard's unlawful acts, and that Jonard, for the pliers and any other tools that are made or substantially made outside the U.S. that do not bear all required country of origin markings in accordance with U.S. laws and regulations: (1) be required to instruct such distributors in writing to immediately cease all advertising, promotion, sales, and shipments of such goods; (2) seek a recall of all such goods that remain in such distributors' inventories; and (3) provide Klein with evidence of such communications (*i.e.*, copies of the email(s) or letter(s) that were sent).

 D. That Jonard be required to make a detailed accounting to Klein containing the following information for the Jonard pliers and any other tools that are made or substantially made outside the U.S. that do not bear all required country of origin markings in accordance with U.S. laws and regulations: (1) the identity (by part number) and quantity of each such product that currently remains in Jonard's inventory, custody, or control; (2) the total quantity of each such product that has been sold by Jonard, and a detailed accounting of how many of each product have been sold to each distributor from the date of first sale to the present; (3) by

product, the total revenues to Jonard generated from sales of such products; and (4) by product, the total profits to Jonard generated from sales of the such products, including a detailed explanation of any alleged deductions to be made in the calculation of profits.

      E.      That Jonard be directed to pay over to Klein all gains, profits and advantages realized by Jonard from the sale of pliers and any other tools that are made or substantially made outside the U.S. that do not bear all required country of origin markings in accordance with U.S. laws and regulations, pursuant to 15 U.S.C. §1117.

      F.      That Jonard be directed to pay over to Klein all damages suffered by Klein in order to compensate Klein, and that such damages be trebled, pursuant to 15 U.S.C. §1117.

      G.      That Jonard be directed to pay over to Klein damages in the form of money to be spent on corrective advertising, to dispel any actual confusion that may have already occurred among relevant consumers and in the marketplace by virtue of Jonard's acts and omissions.

      H.      That Jonard be directed to pay over to Klein all of Klein's costs connected with this action.

      I.      That Jonard be found to have acted willfully in its acts and omissions, and that Klein be awarded its costs and reasonable attorneys' fees pursuant to 815 ILCS 510/3; also, or in the alternative, that this case be deemed "exceptional" within the meaning of 15 U.S.C. § 1117, and that Klein be awarded its reasonable attorneys' fees on that basis.

      J.      That Klein have such other and further relief that the Court may deem just and proper.

Respectfully submitted,

Date: January 28, 2015

By: /s/ Tamara A. Miller
Mark J. Liss (IL #6181002)
mliss@leydig.com
Tamara A. Miller (IL #6237169)
tmiller@leydig.com
Angela Simmons (IL #6289024)
asimmons@leydig.com
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza--Suite 4900
Chicago, IL 60601
Ph. (312) 616-5600
Fax (312) 616-5700

Attorneys for Plaintiff Klein Tools, Inc.